**BLOCKBUSTER ENTERTAINMENT CORPORATION, et al.**

v.

**McCOMB VIDEO, INC., et al.**

Civ. A. No. 90–209–B.

United States District Court,
M.D. Louisiana.

Oct. 16, 1992.

uals and other materials related to coverage, claims, processing claims and the claims made in this case in particular.

American asserted that the discovery requests are overbroad, the information sought is irrelevant, and is protected by the attorney client and work privileges. In response to the motion, the plaintiffs stated that they are willing to limit the first three topics of the deposition to the issue of insurance coverage. Plaintiffs also agreed to limit document request numbers 2 and 3 to the issue of insurance coverage. Plaintiffs argued that American has not established the existence of a work product or attorney client privilege as to any of the requested documents or information.

John P. Wolff, III, Keogh, Cox & Wilson, Ltd., Baton Rouge, LA, for Transp. Ins. Co., Valley Forge Ins. Co. and Continental Cas. Co.

James B. Gambrell, III, Pravel, Gambrell, Hewitt, Kimball & Krieger, Houston, TX, and William David Kiesel, Kyle M. Keegan, and Robert C. Tucker, Roy, Kiesel, Aaron & Tucker, Baton Rouge, LA, for Blockbuster Entertainment Corp., Gulf Coast Entertainment Corp., Wilshire Entertainment Partners, Inc., and Feature Flicks, Inc.

### RULING ON MOTION TO QUASH AND FOR PROTECTIVE ORDER

RIEDLINGER, United States Magistrate Judge.

This matter is before the court on the motion of defendant American Manufacturers Mutual Insurance Company (hereinafter American) to quash the Rule 30(b)(6) deposition notice and for a protective order regarding production of documents which the plaintiffs requested it to produce at the deposition. The motion is opposed.

American is alleged to be the insurer of Super Club North America Corporation, Super Club Stores Corporation and Super Club Retail Entertainment Corporation. Plaintiffs amended their complaint to bring a direct action against American pursuant to the Louisiana Direct Action statute, LSA–R.S. 22:655. Plaintiffs now seek to depose American on a variety of topics, most of which relate to insurance claims and coverage, processing insurance claims, interpretation of policy language, and approving a reservation of rights. Plaintiffs also sought production of documents, including correspondence, claim forms, man-

The work product doctrine does not exist to protect a confidential relationship but to promote the adversary system by "safeguarding the fruits of an attorney's trial preparations from the discovery attempts of an opponent." *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379 (5th Cir.1989). The basis for the assertion of the work product doctrine is found in Rule 26(b)(3), Federal Rules of Civil Procedure, and *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). In order to be protected under the work product doctrine, documents and tangible things must be prepared in anticipation of litigation or for trial and by or for another party or by or for that other party's representative. Protection is given to those documents prepared by agents of an attorney because an attorney must rely on the assistance of others in preparation for trial. It is clear that work product only protects "documents and tangible things" produced by or for an attorney preparing for litigation and that it does not protect the disclosure of underlying relevant facts.[1] Excluded from work product immunity are materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation.[2] Though it is difficult to

---

**1.** *Dunn v. State Farm Fire & Cas. Co.*, 122 F.R.D. 507, 510–511 (N.D.Miss.1988); Wright & Miller, § 2024, p. 197.

**2.** *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir.1982), *cert. denied*, 466 U.S. 944, 104 S.Ct. 1927, 80 L.Ed.2d 473 (1984); *Hill Tower, Inc. v. Department of Navy*, 718 F.Supp. 562, 566 (N.D.Tex.1988).

reduce to a neat formula the relationship between the preparation of the work product doctrine, the general rule is that litigation need not necessarily be imminent as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.[3]

■ The relevant elements necessary to establish an attorney-client privilege are: (1) the asserted holder of the privilege is or sought to become a client; (2) the communication is made to an attorney or his subordinate, in his professional capacity; (3) the communication is made outside the presence of strangers; (4) for the purpose of obtaining an opinion on the law or legal services; and (5) the privilege is not waived. *In re Grand Jury Proceedings,* 517 F.2d 666 (5th Cir.1975) (citations omitted). What is "vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer." *United States v. El Paso Co.,* 682 F.2d 530, 538 (5th Cir.1982), *cert. denied,* 466 U.S. 944, 104 S.Ct. 1927, 80 L.Ed.2d 473 (1984) (emphasis in original). The privilege may be waived by the failure to claim it during discovery. *New Orleans Saints v. Griesedieck,* 612 F.Supp. 59 (E.D.La.1985); *Perrignon v. Bergen Brunswig Corp.,* 77 F.R.D. 455 (N.D.Cal. 1978).

■ While it is certainly possible that all of the topics identified for the Rule 30(b)(6) deposition could conceivably involve communications with attorneys, American has not established that, in this case, the work product or attorney client privileges exist. Plaintiffs are not required to simply take American's claim of privilege at face value. Plaintiffs anticipated the assertion of these privileges when the instructions attached to the notice of deposition required American to provide specific information regarding each document withheld on the basis of the attorney client or work product privilege. This notice was served on September 18, 1992. American has had nearly a month to provide the information requested in the notice as to those documents for which a privilege is claimed. American has not done so, and its unsupported assertion of the privilege is not sufficient to support either quashing the notice of deposition or a protective order.

■ Likewise, the joint defense argument made by American is unavailing. Plaintiffs do not dispute the existence of the joint defense doctrine. Rather, the plaintiffs argued that American has not shown that it is applicable in this case. American's argument fails because it has not demonstrated the existence of any actual communications among the defense attorneys relating to a joint effort to defend against the plaintiffs' claims. American has not identified any particular documents which would otherwise be discoverable but for the existence of a joint defense protected by the attorney client privilege. Certainly one would expect that the defense attorneys in this case would cooperate to some extent because it would be in their mutual interest to do so, but that alone does not establish the existence of any confidential communications which are protected by the attorney client privilege.

■ American complained in its motion that topics 1, 2 and 3 were overbroad. That objection has been eliminated by the plaintiff restricting the topics to the issue of insurance coverage. Unless American wishes to stipulate that coverage exists, i.e., it will not claim that any conditions or exclusions in the policy are applicable to defeat coverage, the plaintiffs are entitled to know the basis for any denial of coverage. As American asserts, in order for it to be liable under the policy, the plaintiffs must establish that the insured defendant is liable in damages. But that is not enough. For American to be liable the plaintiffs must also prove that the policy provides coverage for the insured defendants' wrongful acts. Thus, any denial of coverage entitles the plaintiffs to explore during discovery the basis for denying coverage. If the denial of coverage is based

---

**3.** *United States v. Davis,* 636 F.2d 1028, 1040 (5th Cir.1981), *cert. denied,* 454 U.S. 862, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981).

on interpretation of policy language, the plaintiffs are entitled to learn whether that policy interpretation derives from some manual, internal memoranda, report, or other source, and whether the interpretation has been consistently applied.

American is not being asked to produce any documents which have already been produced by other parties.[4]

American has simply failed to carry its burden of demonstrating the existence of either an attorney client or work product privilege for any document falling within the categories of documents to be produced at American's Rule 30(b)(6) deposition. Plaintiffs have now limited the scope of the topics to be addressed at the deposition, and the documents to be produced, by restricting them to the issue of insurance coverage. This is an issue in the case and the discovery sought by the plaintiffs is reasonably calculated to lead to relevant admissible evidence on that issue. American certainly has it within its power to remove that issue from the case, but it has not yet done so.

Accordingly, the motion of American Manufacturers Mutual Insurance Company to quash the Rule 30(b)(6) deposition and for a protective order is denied.

---

**4.** In American's memorandum, the qualification that documents produced by other parties need not be produced was deleted from the language of the request as quoted in the memorandum.

This omission was probably inadvertent since American attached to its memorandum a copy of the deposition notice and the scheduled documents to be produced.